IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


MARIO A. PEEPLES,                       :
                                        :
        Petitioner,                     :
                                        :
vs.                                     :       CIVIL ACTION 11-0218-WS-M
                                        :
LEE POPE,                               :
                                        :
        Respondent.                     :



REPORT AND RECOMMENDATION


This is an action under 28 U.S.C. § 2254 by an Alabama

inmate which was referred for report and recommendation pursuant

to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8

of the Rules Governing Section 2254 Cases.  This action is now

ready for consideration.  The state record is adequate to

determine Petitioner's claims; no federal evidentiary hearing is

required.  It is recommended that this habeas petition be

dismissed as time-barred and that judgment be entered in favor

of Respondent Lee Pope and against Petitioner Mario A. Peeples

pursuant to 28 U.S.C. § 2244(d).[1]  It is further recommended that

Petitioner is not entitled to a certificate of appealability

---

[1]Petitioner has filed a Motion to Withdraw this habeas petition
in which he concedes that his petition was not timely filed (Doc. 10).

and, therefore, not entitled to appeal *in forma pauperis*.

Petitioner was convicted of third-degree robbery, first-degree theft of property, and two counts of distribution of a controlled substance in the Mobile County Circuit Court on February 23, 2010, for which he received sentences of ten years in the state penitentiary on the robbery charge and fifteen years apiece on the other three charges, all to be served concurrently (Doc. 1, p. 2; Doc. 8, p. 2); "[t]hose sentences were split to time served, balance suspended, and three years probation" (Doc. 8, p. 2, *citing* Exhibits E, F, G, and H; *see also* Doc. 1, p. 2). Peeples did not appeal the convictions and has sought no State post-conviction remedies (Doc. 1, pp. 3-4).

Petitioner filed a complaint with this Court on May 2, 2011 raising the following claims: (1) Petitioner's confession was not willingly and knowingly made; (2) his attorney rendered ineffective assistance; (3) the prosecution did not disclose evidence favorable to him; and (4) he was not informed of his right to appeal (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 8, pp. 3-4). Respondent refers to provisions of the Anti-Terrorism and Effective Death

---

In light of the Court's ruling, the Motion is **Moot.**

Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in

pertinent part, 28 U.S.C. § 2244.  The specific provision states

as follows:

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus
> by a person in custody pursuant to the
> judgment of a State court.  The limitation
> period shall run from the latest of the date
> on which the judgment became final by the
> conclusion of direct review or the
> expiration of the time for seeking such
> review.

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April

24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th

Cir. 1998).

Peeples's conviction became final on April 6, 2010, forty-

days after his right to appeal his convictions expired.

Ala.R.App.P. 4(b)(1).[2]  Therefore, it was necessary for

Petitioner to have filed his petition in this Court no later

than one year after that date, on April 6, 2011, to avoid the

time limitations of AEDPA.  Petitioner's habeas corpus petition

was not filed in this Court until May 2, 2011.

Clearly, Petitioner's habeas corpus petition was filed

---

[2]"In a criminal case a notice of appeal by the defendant shall be
filed with the clerk of the trial court within 42 days (six weeks)
after pronouncement of the sentence, provided that the notice of
appeal may be oral, as provided in Rule 3(a)(2)."

beyond the one-year limitations period and filed in violation of

28 U.S.C. § 2244(d).  The Court finds that Petitioner has

provided no cause for ignoring the dictates of the Anti-

Terrorism and Effective Death Penalty Act of 1996:  this action

is time-barred.  Petitioner concedes as much (Doc. 10).

For the reasoning stated herein, it is recommended that

this habeas petition be dismissed as time-barred and that

judgment be entered in favor of Respondent Lee Pope and against

Petitioner Mario A. Peeples pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing

§ 2254 Cases, the undersigned recommends that a certificate of

appealability (hereinafter *COA*) in this case be denied.  28

U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue

or deny a certificate of appealability when it enters a final

order adverse to the applicant.").  The habeas corpus statute

makes clear that an applicant is entitled to appeal a district

court's denial of his habeas corpus petition only where a

circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).

A COA may issue only where "the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  Where a habeas petition is being denied on

procedural grounds, "a COA should issue [only] when the prisoner

shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this action, as Peeples did not file this action in a timely manner under AEDPA and it is procedurally barred, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Peeples should be allowed to proceed further. *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied as time-barred under AEDPA. It is further recommended that Petitioner is not entitled to a certificate of appealability and, therefore, not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk
of court.  Failure to do so will bar a de novo determination by
the district judge of anything in the recommendation and will
bar an attack, on appeal, of the factual findings of the
magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*,
855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for
challenging the findings and recommendations of the magistrate
judge is set out in more detail in SD ALA LR 72.4 (June 1,
1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed de novo and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,
> although a copy of the original brief may be submitted
> or referred to and incorporated into the brief in
> support of the objection.  Failure to submit a brief
> in support of the objection may be deemed an
> abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

       DONE this 22nd day of November, 2011.



                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE